LEVI TAYLOR AND SARAH TAYLOR, HIS WIFE *v.* THE EXECUTORS OF JACOB HUBER, DECEASED, ET AL.

Where a testator, by his will, directed his executors to invest a specific fund, the interest to be paid annually to S., the widow of his deceased son, during her life, and at her death, the principal thereof to be paid to her two sons, L. and D., and L. and D. died without issue, leaving no brother or sister, either of the whole or half blood, and leaving no debts, whereby the principal of said fund descended to S., as their next of kin. Held, The trust in the hands of the executors having failed by the occurrence of a contingency not provided for by the will, and the entire beneficial interest in the fund having vested in

S., equity will decree its payment directly to her, without the delay and expense of successive administrations.

CIVIL ACTION.    Reserved in the district court of Fairfield county.

On the 11th October, 1844, Jacob Huber made his will, in which he bequeathed to his son, Martin Huber, an equal share of his estate.    The testator, Jacob, survived his son Martin, who died May 26, 1846, and on April 16, 1847, made this codicil to his will : ·

"My son Martin, having departed this life since I made my said will, leaving a widow and children, I do declare, will and direct that the said children of Martin shall succeed to the distributive share which would otherwise have accrued to said Martin, in case he had survived me.    Provided, however, that the interest of one third part of said share shall be paid annually to the widow of said Martin, during her natural life, the principal of said one third part to be distributed to the children, or their heirs, of said Martin, after the death of his said widow.    And to the end, that the interest may be raised on said one third, for said widow, and the principal be secured, I do direct that my executors, when the money shall come into their hands, shall loan the same upon bond and mortgage on real estate, and the interest to be paid annually. The money which is to accrue to said children of Martin, shall be paid to them as they become of age; and, until that time, shall be loaned on bond and mortgage as aforesaid, except such part as may be necessary for their support."

The children of Martin Huber, mentioned in this codicil, were David and Levi, then living; and their mother, the widow of said Martin, is the present plaintiff, Sarah Taylor, since intermarried with her co-plaintiff, Levi Taylor.

The testator, Jacob Huber, died in April, 1849.    His will, with the codicil thereto, was admitted to probate, and letters testamentary were granted to the executors, the present defendants, in May, 1849

After the death of the testator, David and Levi, the children-

20

dren of Martin Huber, both died intestate, minors, free of debt, unmarried, and without children, leaving no brothers or sisters of the whole or half blood. David died first.

The plaintiffs, Sarah Taylor and Levi Taylor, her present husband, filed their petition against the executors of said testator, in the court of common pleas of Fairfield county, stating the foregoing facts; whereby they claim that the said Sarah, the mother of the deceased children of Martin Huber, as their heir at law, became entitled to succeed to their property and estate, and to demand and receive from said executors, by virtue of said codicil to the will of said Jacob Huber, the principal of the one third of the distributive share directed in said codicil to be distributed "to the children, or their heirs, of said Martin, after the death of his said widow," the said Sarah, being one third of $3624.80, or $1208.27, the executors having paid to her the other two thirds.

The petition further states, that the executors have invested said sum of $1208.27, or put the same at interest, for a long period of years; and the plaintiffs demand judgment against the executors for said sum, with interest from the date of the last payment of interest; but if the executors are not bound personally to pay said sum, that then they be decreed to assign to said Sarah all notes, bonds, mortgages, etc., they may hold for the payment of said sum, to her sole and separate use, etc.

The petition further states, that on January 19, 1860, James A. Bope was appointed administrator of the estate of said children, David and Levi, and claims as such an interest in said $1208.27, adverse to the plaintiffs. He is made a defendant, and with a prayer that he be required to answer, and be restrained from collecting or interfering with said sum.

As a second cause of action, the petition alleges the non-payment of interest on the $1208.27 for several years, of which an account is prayed, and judgment for the amount.

To so much of the petition as seeks a recovery of the principal of the one third of the legacy given by the codicil to the children of Martin Huber, deceased, the executors of

the will demur, on the ground that the facts stated do not constitute a cause of action.

To the second cause of action, said executors answer, admitting a balance of $46.35, on interest, on said $1208.27, due April 4, 1859, and offer to pay the plaintiffs that sum.

Bope, as the administrator of Martin Huber's deceased children, answers, claiming title and right to the fund, and prays judgment for the same against his co-defendants, the executors of Jacob Huber, or for the securities evidencing its investment.

The executors demur to Bope's answer, on the ground that it shows no cause of action against them.

The cause was taken to the district court by appeal, by the executors, from a judgment against them in the common pleas.

The district court reserved the case to this court for decision.

*Bope, Connell & Wise,* for plaintiffs.

*Hunter & Dougherty,* for defendants.

BRINKERHOFF, J.—There is no controversy among counsel in this case, but that on the death of the testator, the legacy bequeathed by his will became vested in his grandsons, David and Levi, though subject to the charge upon it in favor of their mother during her life; that on the death of David, his share of it passed by descent, subject to administration, to Levi, and on *his* death, no provision having been made in the will for these contingencies, that the whole passed by descent, subject to administration, to their mother, the plaintiff, as their next of kin.

And it is claimed, in behalf of the administrator of the infants, in effect, that inasmuch as a regular course and succession of administrations, settlements and distributions, with their attendant costs, charges and consequent depletions of the original legacy, would be a regular course of proceeding at law, therefore the whole formula of such a course must be followed; and that the interest of the mother can reach her

only through this course of administrative distributions. While, on the part of the executors of the testator, it is claimed, that under the provisions of the will, *they* have the right to retain the fund until her death; that what she has inherited though then payable to her heirs, shall never reach *her* at all.

We can not accede to either of these claims. Although a course of successive administrations and distributions would be regular at law, there is here no occasion for it, the children having left no debts to be paid or adjusted, and it would be dilatory and expensive. The executors, from the first, held this fund in trust for the grandsons of the testator, by the provisions of the will; and now, through ·a contingency not foreseen or provided for by the will, that trust having wholly failed, they, by operation of law, hold it in trust for their heir, the mother. The title of the administrator of the infants, is subject to the like trust. These trusts equity has ample jurisdiction to enforce, and in proper cases, like this, will do so. *Cram* v. *Green*, 6 Ohio Rep. 429; *Stiver* v. *Stiver*, 8 Ohio Rep. 217; 1 Story's Eq., sec. 593.

A decree may be entered in favor of the plaintiff, Sarah Taylor, ordering the executors to deliver to her the securities in their hands, representing the fund in controversy, subject to any just and proper charges in their favor, which they may have incurred in its administration, and remaining unpaid; and subject also to such costs and expenses of administration on the estates of the infant grandsons, if any, as the court of common pleas, to which the case will be remanded, shall find, under all the circumstances of the case, to be strictly reasonable and just.

SUTLIFF, C.J., and PECK, GHOLSON and SCOTT, JJ., concurred.