Welch, J.
We agree with the courts below, and think there are two several grounds on which their judgments must be sustained.
*674 In the first place the action is not brought by the proper parties. If this is intestate property, it belongs to the personal estate of the testator, and any action to recover it or its value must be brought by his executors or administrators, and not by his heirs. This doctrine is too well settled to need any citation of authorities. The case of Taylor and wife v. Ex’rs of Huber, 13 Ohio St. 288, relied upon by counsel, is not in contravention of this doctrine. The distinguishing feature of that case was, that there was a trust created by the will under which the property was claimed. Such is not the case here. The plaintiffs claimed the property here on the ground that it was not disposed of by the will.
But we think, in the second place, that by the terms of this will the widow took an absolute estate, and not a mere life interest in the personal property, and that her executors are not liable to account therefor, either to the heirs or personal representatives of the testator. We are controlled in giving this construction to the will mainly by the fact that the testator assumes to dispose of his entire estate. He makes a disposition of enough of his estate to pay debts, funeral expenses, and costs of administration, and then declares that he gives, devises, and disposes of the “ residue of his estate and property as follows.” Unless the wife took an absolute property in the personal estate, the testator utterly failed to do what he professed and intended to do. And this could hardly have happened from mere forgetfulness or inadvertence; for, in the subsequent parts of the will, he makes particular and detailed dispositions of the remainders in the real estate, but makes no mention of any remainder, or other interest in expectancy, in the personal property. If he had considered the real and personal estate as standing in the same category, only a life estate in either having been disposed of, it is hardly conceivable that he should have disposed of the remainder in one and left the other to descend.
It is true that the devise of the real estate and the-bequest of the personalty to the wife are contained in a single sen *675 tence of the will, and that the sentence concludes with words limiting her estate to the term of her natural life. If the will contained no other provision reflecting on the meaning of this single provision, it would be quite plain that the intention was to give the wife only a life estate in the personal property. But the will must be read as a whole, and effect must be given to all its provisions in order rightly to understand either or any of them. This is a rule universally admitted. Another rule applicable to the interpretation of wills is that the testator will not be presumed to have intended to leave any of his estate undisposed of. Here we have a ease, not only where the latter rule is applicable, but where the testator has declared that he had no such intention. It will be observed that there are do punctuations in the text of the will. We think, taking the provisions all together, that the intention was to make the clause, in which the testator says, “ I give and bequeath unto my beloved wife all my personal property,” complete within itself, and to make the limitation to life, with which the sentence concludes, applicable to the real estate alone. No other construction will reconcile apparently conflicting clauses in the will, and give effect to all its provisions.
Another question raised and argued in the case is, whether, if the wife took only a life estate in this property by the will, she did not inherit the reversion in it as heir of the testator? This question it is, of course, unnecessary now to consider.

Motion overruled.

McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurred.