## TERMINATION OF A TRUST CREATED FOR THE BENEFIT OF WIDOW.

[Franklin County Court of Common Pleas.]

ELIZA MITHOFF ET AL V. LINCOLN FRITTER, AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF HENRY MITHOFF, DECEASED.

Decided, January 21, 1901.

*Wills—Alienation of Life Estate by Widow—Terminates Trust Created for Her Benefit—Rights of the Children of Testator—Necessary Parties in a Suit to Terminate the Trust.*

1. Where a will imposes no restrictions in the matter of alienation of a life estate, the right to alienate exists in Ohio.
2. A widow having alienated her life estate in real property, a provision of the will that certain of the property of the testator shall not be sold during the life of the widow, becomes invalid as to the children, and the trust created by the will to continue during the life of the widow may be declared terminated.
3. Where a trust is created for the benefit of the widow, and the will disposes of all the testator's real estate, but contains a provision that, with the consent of the widow and children, the trustee may sell so much of the real estate as is not otherwise disposed of, and divide the proceeds in such manner as the widow and children may agree, the trust will be held to have no other purpose than to make provision for the widow during her life, and it appearing that her life estate has been alienated, the court will decree a termination of the trust.
4. In a suit to terminate such a trust the wives and husbands of the children of the testator and their children are not necessary parties; neither is an adopted daughter to whom a special bequest was made.

BIGGER, J.

The case is submitted upon a general demurrer to the petition, and also a special demurrer for defect of parties plaintiff and defendant.

The petition alleges in substance that Henry Mithoff died testate about February 15, 1899, leaving the plaintiff, Eliza Mithoff, as his widow, and two sons and three daughters together with an adopted daughter surviving him.

It is averred that the testator after making provision for the payment of his just debts by item three of his will, devised to his adopted daughter, Helena Walter Herman, a certain lot or parcel of land in the city of Columbus, describing the same; that by item four of the will the testator bequeathed certain specific personalty including the household goods and furniture.

That by item five of the will the testator devised to his wife during her natural life his residence property on South High street in this city.

That by item six of the will the shares of stock in The H. Mithoff & Company belonging to the deceased were bequeathed to the five children, Oscar Mithoff, Leslie Mithoff, Lydia Durant, Matilda Klee and Henrietta Butler; that by item seven of the will the testator provided that all his other property during the life of his wife should be managed by a trustee thereafter mentioned, or by his successor, and directed the trustee to rent the property and from the rents to pay to the testator's wife during her life the sum of $2,500 per annum, to keep all buildings and improvements on the property in good repair, pay all insurance, taxes, street and other assessments on all the property including that devised by item five of the will to the wife for life.

That said item seven further provided that during the life of testator's wife his two business blocks on South High street should not be sold, and that if either of them should be destroyed by fire or other cause, and the insurance money and other funds in the hands of the trustee is insufficient to rebuild and repair, that the trustee shall with the consent of the testator's wife sell so much of testator's real estate not otherwise specifically disposed of by said will as will raise sufficient money to rebuild or repair the said buildings; that said item seven further provided that with the consent of the testator's wife and children the trustee may sell so much of testator's real estate as is not otherwise disposed of by said will and divide the proceeds in such manner as they may agree upon; that it is further provided by this item of the will that after making all the above payments out of the rents and profits of the real estate the balance, if any, shall be divided equally between the testator's five children, naming them; that item nine of the will provided that subject to the provisions of item

seven of the will all of his property not otherwise specifically disposed of by will should pass to his five children, naming them, and their heirs and assigns forever, share and share alike; that item ten provided a yearly compensation of $200 to the trustee; that item eleven named Philip H. Bruck as trustee. It is then stated that by the codicil to the will the said testator provided that the sum of $3,000 annually should be paid to his wife during her natural life, instead of $2,500 as originally provided for by item seven of the will; that item eleven which named Philip H. Bruck as trustee was revoked by the codicil and that it was provided that —— should act as trustee, and that if the testator failed to appoint a trustee thereafter the probate court should make such appointment.

It is averred that the testator died without naming a trustee, and that the probate court appointed the defendant as trustee and that he accepted and entered upon the discharge of his duties as such trustee, and is still acting in that capacity.

It is averred that the income from the property after paying the fixed charges provided for by the will has at all times been less than the sum of $3,000 per year, and that the annual allowance to the widow has never exceeded the sum of $1,500 per annum, and that the five children have never received anything from the rents and profits of the property managed by the trustee.

Plaintiffs aver that they are all of sound mind and more than twenty-one years of age, and that they are the only persons interested in the property devised to be managed by a trustee; that to enable the widow to realize a larger income from the property than she has realized in the past and to enable the five children to receive money from the income and profits of the property, and to put an end to expensive litigation, and the expense of administering the trust, they entered into an agreement between themselves and the said Helena Walter Herman whereby it was agreed that said trust should be terminated from and after May 1, 1903, and that the plaintiff, Eliza Mithoff, should have an estate for life in the property at the corner of Main and High streets in this city, upon which stands a business block, and also an estate for life in the homestead property on South High street; and that in consideration of the sum of five thousand dollars to be

paid to the said Eliza Mithoff she should release and convey by quit-claim deed to the five children all the right, title and interest which she had or claimed to have in the real estate of the testator, together with the issues, rents and profits thereof, except that to be vested in her for life as aforesaid, and also releasing to the said children certain personal property; that in pursuance of this agreement the said five children did execute a deed of quit-claim to the said Eliza Mithoff conveying to her a life estate in the homestead property and the property at the corner of Main and High streets; that the rents and income from the business block at the corner of Main and High streets, which under the terms of the agreement are to belong for life to the said Eliza Mithoff exceed the sum of $3,000 per annum; that in consideration of the sum of $5,000 to each of them paid the said Eliza Mithoff and Helena Walter Herman by deeds of quit-claim have released and conveyed all their interest in the real estate of which the testator died seized except that conveyed to Eliza Mithoff as aforesaid; and further that they have released to the said children all the personal property of which the testator died seized except the personal property and household goods specifically conveyed to the said Eliza Mithoff by the will.

It is then averred that the trustee has been advised of the terms of this agreement and asked to join in the same, but that he has refused to do so, and insists upon his right to act as such trustee under the terms of the will of Henry Mithoff, deceased.

It is averred that the plaintiffs have endeavored to collect the rents since the execution and delivery of the deeds aforesaid, but that the defendant claims the right to such rents and that the tenants have refused to pay the same to plaintiffs, but have paid them to the defendant. It is then stated that since a condition of affairs has arisen not contemplated by the testator that there is no object in continuing the trust longer, and therefore the plaintiffs pray for a termination of the trust, etc.

The demurer challenges the sufficiency of these averments, and it is claimed, if true, they are not sufficient to entitle the plaintiff to the relief prayed for or any relief. Very elaborate briefs have been filed by counsel upon both sides, and I have read them with care.

The action is one to terminate a trust. That a court of equity has power in a proper case to terminate a trust is not disputed, as I understand by counsel for the defendant, but it is contended that upon the facts stated in the petition this is not a proper case for the termination of the trust; that it is within the power of a court of equity to terminate a testamentary trust prior to the time fixed by the will under certain circumstances and conditions seems to be an established principle of law.

The rule upon this question is thus stated by Perry in his work on Trusts, at Section 920:

"It was for some time doubtful whether a trust could be thus determined prior to the time contemplated by a testator; but it is now well settled that where all the parties are capable of acting, and desire to terminate the trust, courts can decree its determination; * * * although the trust may not have ceased by expiration of time, and although its purpose may not have been accomplished, yet if all the parties who are or may be interested in the trust property are in existence, and *sui juris,* and if they all consent and agree thereto, courts of equity may decree the determination of a trust and the distribution of the trust fund among those entitled. A trust will not be continued merely that the trustee may continue to receive compensation from it. If the *cestuis* desire its termination it will not be maintained for the benefit of the trustee."

The Supreme Court of this state has recognized the principle that a testamentary trust may under certain conditions be terminated before the time fixed by the will.

In the case of *Taylor et ux* v. *Huber et al,* 13 Ohio State, 288, it was there decided that—

"Where a testator, by his will, directed his executors to invest a specific fund, the interest to be paid annually to S, the widow of his deceased son, during her life, and at her death the principal thereof to be paid to her two sons, L and D, and L and D died without issue, leaving no brother or sister, either of the whole or half-blood, and leaving no debts, whereby the principal of said fund descended to S, as their next of kin. *Held:* The trust in the hands of the executors having failed by the occurrence of a contingency not provided for by the will, and the entire beneficial interest in the fund having vested in S, equity will decree its payment directly to her, without the delay and expense of successive administrations."

In that case the entire estate had vested in her on the death of the two sons and there was therefore no reason for the continuance of the trust and the reason for its existence having failed it was decided that a court of equity should terminate it.

In this case the will gives to the widow certain specific real estate for life, and provides that out of the rents and profits of the remainder of the real estate she is to be paid the sum of $3,000 annually during her natural life. It is apparent, I think, from the provisions of this will, that the purpose and the only purpose of the creation of this trust estate was to make provision for the widow during her life. The will does not impose any restraint upon her in the matter of the alienation of her life estate. Where a will reposes no restrictions in the matter of alienation of a life estate it appears to be the law that the beneficiary may alien the life estate. That this is the law in Ohio there can be no question.

It was decided in the case of *Thornton* v. *Stanley,* 55 Ohio State, 199, that where a testator bequeaths all the net income of his estate to a trustee in trust for the education and support of a certain person for life, without other limitations—*Held:* that the bequest so made is an absolute one and is subject to the claim of creditors. In the opinion the court says:

"Whilst under the rule that is admitted to prevail in England such a bequest might be aliened, and would without doubt be subject to the claims of creditors, it is claimed that under the rule that prevails in Massachusetts and many of the other states such is not the case. This rule permits a testator through the agency of a trustee to make a bequest in such wise as to preclude the claims of creditors against the beneficiary, where the purpose is clearly expressed, on the ground that a decedent has the right to dispose of his property as he sees fit, and may therefore so limit a bequest as to protect it from the claims of creditors against an improvident beneficiary. Whether this is so in Ohio need not be determined, for as shown it is clear that the provision in the will of Stephen Clark in favor of the natural child, Mary Maiden, manifests no such intention."

The court then quotes from a Massachusetts case to the effect that where by the terms of the will "there is no provision that the income of the estate shall not be alienable by the plaintiff or attachable by his creditors, it can not be doubted that under this will

plaintiff took an equitable estate which he might alienate and which equity would apply to the payment of his debts."

Beech on Trusts and Trustees says at Section 712, that:

"In general it is held that the conveyance of an equitable estate to the *cestui que trust* carries with it the right to alienate or charge it with debts."

I therefore take it to be an established principle that where there is no such limitation upon alienation contained in the will that the right to alienate exists. There is in this will no such restriction, and I therefore conclude that the widow has a right to alienate her life estate. It follows, therefore, that it is the right of the widow to sell her entire life estate, if she sees fit to do so, to the five children of Henry Mithoff, deceased.

Suppose that instead of making the agreement which is set out in the petition the widow had entered into a contract with the five children of Henry Mithoff for money consideration to sell to them her entire life estate created by the terms of this will and they had paid her the consideration, what under such circumstances would have been the right of the children of Henry Mithoff to have had the trust terminated? In such a case the entire beneficiary interest in this property would pass to and be vested in the five children of Henry Mithoff, because by the terms of the will they took the estate in remainder, and the life estate being merged with that in remainder they would take the entire estate. In what respect would their rights in such case differ from the rights of Sarah Taylor in the case of *Taylor et ux* v. *Huber, supra,* where the Supreme Court held that because the entire estate did pass to and vest in her by the death of her two sons that there was no object to be attained any longer in continuing the trust, and ordered it terminated.

Clearly, it seems to me, in such case the form of the object of the trust for which the trust was created having failed no court would be warranted in continuing the trust, and the case of *Taylor et ux* v. *Huber* would seem to be in point and decisive of the question.

But how would such condition differ at all from the condition presented under the agreement here set out between the five

children of Henry Mithoff and the widow if she being *sui juris* parts with her life estate to the children of Henry Mithoff for a consideration; there being no question of fraud or undue influence what difference can it make in principle if a part of the consideration be the income for her life from a portion of this very real estate devised to these children of Henry Mithoff in remainder? They must pay her, if they purchase her life estate, if she releases to them her right for life to a share of the rents and profits of this real estate, and pay her a sufficient consideration for it. And if that consideration be that she shall receive the entire income from a portion of that real estate while they take the entire income from the remainder, I do not perceive how this in any way changes the situation or the rights of the parties. She might have sold her entire life estate to the children for money consideration and have purchased back from them with the money a life interest in this very property or a portion of it. To change the particular form which the transaction took would not seem to be important. It is a question of the right and power of the parties to deal with this life estate and not of the particular form which the transaction took. The five children of Henry Mithoff upon their part have a right to insist, it seems to me, that the entire estate having vested in them to all of this real estate except these two parcels by this contract, that their estate shall not be fettered or limited by a trust which has no longer any purpose, and upon her part she has, it seems to me, a right to insist that, as to these two parcels in which she is now entitled to the entire beneficiary interest for life, her interest therein shall not be fettered or limited by the terms of the trust. Her estate for life in the homestead and the income from the business block at the corner of Main and High streets is, together with the sum of five thousand dollars, the consideration paid by the children of Henry Mithoff for her life estate under the terms of the will.

It is objected that if the court terminates this trust that it amounts to making a new will for Henry Mithoff, deceased. It is urged that the will directs that during the life of the widow the two business blocks on High street shall not be sold, and it is urged with much apparent force and reason that if the court should terminate the trust that it permits to be done what the will of Henry Mithoff prohibits, in that it would permit at least

one of these blocks to be sold during her life. But if the widow has a right to alienate her life estate in this real estate and if she has done so by this agreement and conveys the same for an equitable consideration to the children of Henry Mithoff, the question is then presented as to whether or not as against these children of Henry Mithoff such a provision in the will is valid or invalid.

This very question was recently before the Circuit Court of Lucas County in the case of *The Toledo Loan Co.* v. *Catherine Larkin et al,* decided last October, and will be found in THE OHIO LAW REPORTER of December 14 last, at page 473. The second and third paragraphs of the syllabus are as follows:

"2. A widow has the right in Ohio to dispose of her life estate or a portion of it by releasing her right to the use of that portion.
"3. Where property is devised to the widow for life with the remainder to children, with the proviso that the property shall not be sold during the life of the widow, the clause against alienation is repugnant to the devise to the children and of no effect."

The will in that case gave a life estate to the widow and the remainder to be divided between seven children. There was a provision that the property should not be sold during the life of the widow. One of the sons desiring to raise money made a mortgage to The Toledo Loan Company, and the widow joined in the mortgage and in the foreclosure proceedings made no defense, and there was a decree and order of sale of the undivided one-seventh part of the real estate covered by the mortgage, and the mortgagee was the purchaser. The loan company thereafter brought an action in partition to have its interest in the real estate set off to it in severalty. In the partition suit she attempted to set up the claim that there was no consideration passing to her for her signature to the mortgage, but the court held that she was estopped to make that defense, not having made it in the foreclosure suit. In other words that as to this one-seventh interest in the real estate she had parted with her interest. It was claimed she could not alienate any portion of her life estate. But in the opinion delivered by Judge Haynes, he says they understand it to be the law of Ohio that a widow has a right to dispose of her life estate or any portion of it.

The next question made in the case was that the will provided that the real estate should not be sold during the life of the widow. Judge Haynes says:

"We are clearly of the opinion that that clause in the will, the clause against alienation, is repugnant to the devise made to the children of this property, and is therefore void, and that that clause has no force and effect and can not have in any decision we may make in this case."

That is the exact question presented here. The court held that as to the one-seventh interest in the real estate she had parted with her life estate therein and that the purchaser of both the estate and the remainder and the life estate took the entire estate and was entitled to have set off to it in severalty the one-seventh of the property notwithstanding the provision in the will against alienation during the life of the wife.

If therefore I am correct in my conclusion that the children of Henry Mithoff having purchased the life estate of the widow have become vested with the estate, except that portion passing to her under the terms of the agreement between the widow and the children as consideration for the life estate created by the will in her favor, then as against them the provision in the will that the business block should not be sold during her life would be void and of no effect.

Counsel for the defendant cited the case of *Young* v. *Snow,* 167 Massachusetts, 287, and claim that it is an exact parallel with the case at bar, and it is claimed that it overrules earlier decisions of the Massachusetts court. But I am of opinion that after a careful examination of the case that it was not intended to overrule earlier decisions and did not do so, and that it is to be distinguished from this case in one important particular. It is to be noted that the court introduced the syllabus in that case with the words "it seems," indicating apparently some uncertainty in the minds of the members of that court as to whether or not the syllabus states a well recognized and established rule of law. But in arriving at the intention of the decedent the entire will must be construed together. In that case there was nothing in the will which showed any intention on the part of the testator that in any way might the trust be terminated before the expiration of the period fixed, which was

twenty years. It provided for an accumulation during a portion of that time of the rents and profits of the estate in the hands of the trustees, a provision which the testator could make. Upon the facts of that case the court held that it seemed to be the law that the testator had a right to make such a disposition, and that although all the parties in interest were *sui juris,* and ask for a termination of the trust, the testator's manifest intention was to be carried out.

But in this case the testator, notwithstanding the provision for a trusteeship during the lifetime of the widow, and that certain property should not be alienated during her life, has provided that the trust may be terminated if the widow and children so agree and the property disposed of during her life. This it seems to me makes it clear that the only purpose of this trust was to provide for the support of the widow. I refer to the clause contained in the seventh item of the will, that with the consent of the said testator's wife and his said children that said trustee may sell so much of said testator's real estate as is not otherwise disposed of by said will and divide the proceeds of such sales in such manner as may be agreed to by said testator's wife and children.

Now the will disposes of all of testator's real estate. How then are we to understand the language that so much of such real estate as is not otherwise disposed of may be sold when the widow and children agree upon it. The will gives absolutely to the adopted daughter a certain parcel of the real estate. As to that the widow and children were given no interest, and manifestly they could not agree to sell that; but as to all the remainder of the real estate the widow and the children had the entire beneficial interest under the will, and it seems to me that the only fair interpretation which can be put upon the language is that as to all the property in which the widow and children had the entire interest, which was all he possessed except that given to the adopted daughter, that they might agree to have it sold and divide the proceeds as they might see fit. Here then is a plain provision inserted in the will for the sale of this entire real estate so placed in trust, which would of course wind up the trust, as there would no longer be anything for the trustee to hold after the wife and children had divided up the proceeds of the real estate. This, it seems to me,

to make it clear that the decedent had no other purpose in view in the creation of this trust except to make provision for his wife during her life and that she having the right to alienate her life estate and having done so, that a condition has arisen not contemplated by the testator in his will and that it presents a case where, if such a case can be presented for the termination of a trust, the court should decree its termination.

The demurrer is also special upon the ground that there is a defect of parties plaintiff and defendant. It is claimed, as I understand, that the adopted daughter should have been made a party and also that the wives and husbands of these children of Henry Mithoff and their children are in some way necessary parties. Just why they are necessary parties is not pointed out, nor do I see how they are necessary parties in this suit. This transaction concerns only the life estate of the widow, she disposing of it for a consideration to the children. The title to the property in remainder devised to these children is in no way affected except that as to a portion of it they come into possession of it sooner than they would under the provisions of the will; but I am unable to see how the wives and husbands, who have an inchoate right of dower, or the children, have any legal rights which are affected by that.

The children of Henry Mithoff having the remainder, have a right to purchase the life interest certainly, and it is not perceived how that in any way affects the rights of the wives or husbands of these children or the rights of their heirs. A portion of the real estate under the terms of the agreement passes absolutely to these children of Henry Mithoff in fee simple at once under the terms of the agreement, and as to the remainder it will pass to them at the termination of the life estate exactly as provided in the will.

Nor do I see how the adopted daughter is a necessary party; she is under the will given no interest whatever in this real estate so placed in trust for the widow and children of Henry Mithoff, and her interests therefore are not involved.

I therefore conclude that the demurrer to the petition is not well taken and it is overruled.

*Arnold, Morton & Irvine,* for plaintiff.
*Nash, Lentz & Addison,* for defendant.