## YARIAN v. STOUFFER, EXR.

*Court of appeals — Jurisdiction on appeal — Action against executor for services rendered to testator — Constitutional law — Section 6, Article IV, Constitution.*

An action by a creditor of an estate against the executor thereof to recover a judgment for service rendered and labor performed for the testate in his lifetime is not appealable to this court from the court of common pleas under Section 6, Article IV of the Constitution of Ohio.

(Decided April 6, 1921.)

APPEAL: Court of Appeals for Columbiana county.

ON MOTION to dismiss.

*Mr. H. M. Hammond* and *Messrs. Billingsley & Moore,* for plaintiff.

*Mr. W. O. Wallace; Mr. C. S. Speaker* and *Mr. George T. Farrell,* for defendant.

POLLOCK, J. Etta Yarian brought an action against Samuel Stouffer, executor of the will of John Edler, to recover a judgment for service rendered and labor performed for John Edler during his lifetime. She attached a copy of her account, alleging that it had been presented to the executor and that he had disallowed it as a valid claim against his testate's estate. She prayed for a judgment against the executor for the amount claimed.

An answer was filed, which, after admitting defendant's appointment as executor, denied the indebtedness and that plaintiff had rendered any ser-

vice or performed any labor for the defendant's testate in his lifetime; second, the answer set up a plea of payment; and, third, it pleaded the statute of limitations against all items of the account which accrued six years prior to the date the account was presented to the executor.

The case was tried in the court below, resulting in a verdict and judgment in favor of the plaintiff.

An appeal was prosecuted to this court by the defendant, and a motion has been filed by the plaintiff asking that the appeal be dismissed on the ground that this court does not have jurisdiction of the subject-matter of the action.

The action has been submitted to the court upon this motion.

If the action had been between the parties contracting the services, it would be an action at law, but it is urged that as the action is against the executor of the estate it changes from one at law to one at chancery.

Section 6, Article IV of the Constitution of Ohio, provides that the courts of appeals shall have appellate jurisdiction in the trial of chancery cases.

In England the administration of estates of deceased persons originally belonged to the ecclesiastical court, but it was gradually transferred from that court to the court of chancery, until the latter assumed the exclusive jurisdiction of the general subject of the administration of estates.   10 Ruling Case Law, 357, Section 107; 3 Pomeroy's Equity Jurisprudence (4 ed.), Sections 1127, 1128 and 1152.

This jurisdiction included the discovery of the assets of the estate, determining the priority of

liens, the payment of the creditors, and the accounting for the assets. An individual creditor could obtain a judgment upon his claim against an executor or administrator in an action at law, although the law court had no authority or power to direct the payment of a judgment out of the estate. That could only be done by a decree in equity. 1 Pomeroy's Equity Jurisprudence (4 ed.), Section 156, and 2 Story's Equity Jurisprudence (14 ed.), Section 735.

In 11 Ruling Case Law, 290, Section 334, it is said:

"Prior to the statute of Anne an executor or administrator, when sued on a debt of the decedent, was compelled either to admit the possession of assets and deny the debt, or else to admit the debt and plead that he had fully administered the estate. Thereafter he could plead as to the debt and also plene administravit. But under this plea he was not allowed to set up his own devastavit in order to escape payment."

The harshness of this rule was somewhat relieved at a later time, but it suffices to show that where the creditor was seeking only a personal judgment against the executor or administrator he could maintain an action at law.

At an early period in this country all the states by legislative enactments placed the administration of estates under the jurisdiction of special tribunals, usually known as probate, surrogate or orphans' courts, that were given by statute jurisdiction over matters of probate of wills and administration of estates, which prior to the establishment of such

courts had been under the jurisdiction of chancery. 1 Pomeroy's Equity Jurisdiction (14 ed.), Section 347.

In this state the probate court was created. That court now has the jurisdiction over the settlement of estates which was formerly exercised by courts of chancery.

The jurisdiction of equity in the administration of estates is entirely auxiliary and can be exercised only when the remedy conferred upon the probate court is either imperfect or inadequate. *Piatt* v. *Longworth's Devisees,* 27 Ohio St., 159, 186; *Mc-Donald* v. *Aten,* 1 Ohio St., 293, and *Taylor* v. *Huber,* 13 Ohio St., 288.

Under the statutory provision of this state, the right to determine the validity of claims of creditors against the estate is first left to the executor or administrator as the representative of the testate or intestate. If he refuses to allow the claim as a valid claim against the estate, the creditor must prosecute his claim to judgment against the administrator or executor in his representative capacity, just as he would have done if the deceased were living, either before a justice of the peace or in the court of common pleas. The action is tried in one or the other of these courts, and judgment obtained, as a law action, the creditor obtaining a personal judgment against the executor or administrator in his representative capacity. If the executor or administrator fails to pay the judgment, it can be enforced through proceedings in the probate court; or after a certain time has expired for the payment of the judgment, an execution may issue. Section 10736, General Code.

Our attention has been called to the case of *Wagner* v. *Armstrong,* 93 Ohio St., 443, in which the supreme court holds that a partition case under the Code is appealable from the court of common pleas to the court of appeals for the reason that partition cases were originally cognizable in courts of chancery. Nichols, Chief Justice, in the opinion in that case, on page 456, defined a chancery action as follows:

"A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the code of civil procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law."

An action by a creditor to obtain a judgment against an executor or administrator for service rendered and labor performed for the deceased in his lifetime was an action at law prior to the adoption of the Code. We find no authority at common law for the appeal of such an action from the court of common pleas to this court. The constitution should not be construed to authorize an appeal to this court in an action wherein the issues to be tried are only such as should be determined by a jury.

An action under the Code to partition real estate is, in the nature of the proceeding, one in chancery, while an action by a creditor against an administrator or executor to recover a judgment for service rendered and labor performed for the deceased person during his life is in the nature of a proceeding in law.

We are reminded that the supreme court announced in *Webb, Recr.,* v. *Stasel, Recr.,* 80 Ohio St.,

122, that an action brought by leave of court against a receiver for the allowance of a claim to be paid in due course of the administration of the receiver was appealable under the statute. But in that action the parties were not seeking to recover a judgment against a receiver, but an allowance of the claim. A judgment could be paid only pro rata among the creditors out of the assets of the estate after an order of the court directing such payment, while in the case before us the estate is solvent and the judgment obtained against the executor will be paid either by the executor, allowed by the probate court in the settlement of the executor's accounts, as a valid payment of a debt of the estate, or by execution issued on the judgment.

We think the action is not an action in chancery, and for that reason the motion to dismiss the appeal is sustained.

Our attention has been directed to the judgment in the case of *Shambaugh* v. *Bogart,* decided by the court of appeals of the Third Appellate District, with which judgment the judgment here announced is in conflict.

We have great respect for the ability of that court, but are unable to reach the conclusion arrived at by it.

Under the Constitution of Ohio the defendant is entitled to have this case certified to the supreme court, and if he desires such certificate it can be inserted in the judgment.

*Motion to dismiss the appeal sustained.*

METCALFE and FARR, JJ., concur.