Judge Lane
delivered the opinion of the court:
We consider it a well-settled course of chancery, at the instance of creditors, legatees, and the rest of kin, to compel an account and distribution of decedent’s estates against executors and administrators. The position they occupy is not in their own right, 430] but fiduciary ; any one whose interests they hold, may *enforce them, through chancery, to perform their duty in the execution of the trust.
The argument for the demurrants is this: Our statute limits the jurisdiction of chancery to cases where no plain and adequate remedy can be had at law. Such remedy is provided for by law in cases like the present; and, therefore, if the jurisdiction subsisted before this provision, it takes it away.
I do not stop to inquire if such remedy is, in fact, provided. Were it the case, we do not admit the conclusions contended for. “ That the chancellor has jurisdiction in those cases where a plain, adequate, and complete remedy can not be had at law,” is the apothegm by which his power is limited in every country where the distinction is known between coux-ts of law and equity. The extent of the restriction has been long since defined. It is a technical maxim, adopted by our legislature in its technical sense, and receives the same interpretation here as elsewhere. In our practice, we do not give it the restrictive meaning insisted upon by the defendants. But sustain our powers to the same extent as other similar tribunals, where jurisdiction depends upon this principle. It is a part of the general chancery law, that where a class of cases are the objects of chancery jurisdiction, that jurisdiction is not taken away, because courts of law subsequently administer a remedy. 1 Ohio, 435.