## WHITEHEAD v. JESSUP.[1]

### (Circuit Court, E. D. New York. January 13, 1893.)

1. NAVIGABLE WATERS—OBSTRUCTION—BRIDGE—COURT OF EQUITY.
   The channel between Quantuc bay and East bay, portions of the Great South bay, in Long island, is a part of the navigable waters of the United States. A private bridge over it is an obstruction to navigation, and an application for the removal of such bridge is a proper subject of consideration by a court of equity.

2. SAME—REMOVAL OF OBSTRUCTION—WHO MAY COMPEL.
   One who seeks by suit in his own name to compel the removal of an obstruction to navigable waters must show some injury to himself, caused thereby, different from the injury sustained by the general public who navigate such waters. Hence, where complainant, a riparian owner, had free access to the navigable channel in front of his land, *held*, that he could not, in his own name, maintain a suit to compel the removal of a bridge over such channel, half a mile from his land, though his boats, in navigating to and from adjacent waters, were obstructed by such bridge.

In Equity. Suit by Aaron P. Whitehead against Nathaniel C. Jessup to compel the removal of a bridge over certain waters alleged to be navigable waters of the United States. Bill dismissed.

Martin & Smith, (Aaron P. Whitehead, of counsel,) for complainant. Strong & Spear, for defendant.

BENEDICT, District Judge. This is an action brought by Aaron P. Whitehead, the owner of certain lands lying upon and adjacent to the waters called "Quantuc Bay," to compel the removal of a bridge erected by the defendant in 1889, at Potunk point, Long island. Quantuc bay is in fact a part of the East bay, which is a part of the Great South bay. The Great South bay is a body of water from 40 to 50 miles in length, varying in width from a few hundred yards to several miles, and separated from the Atlantic ocean by a long beach of sand. Access to it from the ocean is obtained by Fire Island inlet. The tide ebbs and flows through these waters. That portion of this water called "Quantuc Bay" is accessible from the waters of the East bay by a narrow channel, which has been navigated for a long time,—probably since the original settlement of this part of the country. The water of Quantuc bay has been used for the purpose of commerce during at least 50 years. Boats from 20 to 30 feet keel, and 8 to 12 tons capacity, are used upon this water. It is also used by those sailing for pleasure. In that bay there is a wharf, not owned by the complainant, where freight transported from other

[1] Reported by E. G. Benedict, Esq., of the New York bar.

states by way of the ocean through Fire Island inlet and the water of the Great South bay has been landed for years. The bridge which is complained of extends from the main land to the beach of the Atlantic ocean, at a place called "Potunk Point," spanning the narrow channel leading from the waters of Quantuc bay to the waters of the East bay. The bridge spans some 362 feet of water. This water, for 145 feet, is 4 feet in depth, and for 167 feet is 3 feet in depth, at ordinary tide, and is navigable. The bridge contains a draw 20 feet wide, but no one is kept in charge of the draw, and vessels desiring to sail through the channel at this point are stopped by the bridge, unless they happen to find the draw open, or open it for themselves. The draw is narrow, and passing through the draw when open is at times attended with danger. The bridge is not a continuation of any highway, and the public have no right of access to it. It was erected by the defendant, who owns the land on both sides of the channel spanned by the bridge. The testimony taken seems to me to warrant these conclusions: That the bridge complained of is erected over navigable waters of the United States; that it obstructs the navigation of those waters; that it was erected without authority of the United States or of the legislature of the state of New York; that the license to erect a bridge in this locality, which the defendant obtained from the trustees of the town, affords no justification for the erection of this bridge; and that the bridge is a continuing obstruction, and the case, therefore, a proper one for an application to a court of equity for relief.

The remaining question is whether the complainant can, by an action brought in his own name, compel the removal of the bridge. Upon this question my opinion is adverse to the complainant. In order to maintain the action it must appear that the bridge, by obstructing navigation at this point, causes some injury to the complainant different in kind from the injury sustained by the general public who navigate the waters in question. He claims the right to maintain the action upon the ground that he is a riparian owner, and upon the ground that he is a navigator of the water spanned by the bridge. The lands of the complainant lying upon the waters of Quantuc bay are situated some half a mile east of the bridge in question, and are not adjoining thereto. Access to the navigable channel of Quantuc bay from the complainant's land is not obstructed by the defendant's bridge. Boats seeking to navigate through these waters can sail from the complainant's land to the navigable waters in front of his land, without obstruction. Access to the complainant's land from the waters in front of his land is free and unobstructed. It is true that such boats, after reaching the navigable water of Quantuc bay, in atempting to pass by the navigable channel to the other waters of the Great South bay, west of Quantuc bay, find an obstruction at Potunk point in the defendant's bridge. But an obstruction of the navigable highway at that place gives the complainant no right of action as a riparian owner, because his lands are half a mile to the east of the obstruction, and access to his lands from the channel in front of his lands is not obstructed by the defendant's bridge. The law applicable to such a case as this has been thus stated:

"An obstruction in front of one's own premises may prevent him from entering upon the highway, and thus interfere with a peculiar right. But when he is once upon the highway he is a traveler, like the rest of the public; and though an obstruction at a distance may as effectually prevent ingress and egress as when it is opposite his door, yet the right to pass along the way is one which he shares in common with the general public." Gould, Waters, 247, 248.

Judged by this law, the complainant cannot recover upon the ground that he is a riparian owner of land upon Quantuc bay. Neither can he recover upon the ground that his boats navigate these waters, and are obstructed in navigating the waters opposite Potunk point by the defendant's bridge; for the injury thus resulting to him is not different in kind from the injury sustained by the general public using these waters. If, upon this ground, the complainant could maintain an action, as similar action might be maintained by every person owning a boat on the Great South bay. The bill must be dismissed upon the ground that the complainant has shown no special injury entitling him to maintain the action.