## MANNING *v.* THE VILLAGE OF LAKEWOOD ET AL.

*Courts of appeals — Jurisdiction on appeal — Injunction — Collection of street assessments — Section 12075, General Code — Section 6, Article IV, Constitution, 1912.*

(No. 15012 — Decided February 29, 1916.)

ERROR to the Court of Appeals of Cuyahoga county.

The facts are stated in the opinion.

*Messrs. Howells & Grossman* and *Messrs. Howell, Roberts & Duncan,* for plaintiff in error.

*Mr. R. G. Curren,* for defendants in error.

BY THE COURT. This was a proceeding brought by Thomas Manning in the common pleas of Cuyahoga to enjoin the collection of certain special assessments described in the petition and alleged to have been levied by the village of Lakewood.

The petition averred that the assessments were in excess of benefits conferred and were illegal in specific respects set forth in the petition.

Issue was joined and on the trial in the common pleas court a decree was entered in favor of the defendants and the plaintiff appealed to the court of appeals. That court on motion of the defendants dismissed the appeal for want of jurisdiction. This proceeding is brought to reverse the judgment of the court of appeals.

The judgment of the court of appeals rests on the proposition that under Section 6, Article IV

of the Constitution, as amended in 1912, the cause was not appealable. That section provides that courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases.

It is contended that the remedy sought in this case is a statutory one, that it is completely provided for by Section 12075, General Code, and therefore not included in the class of cases now appealable to the court of appeals from the common pleas court.

Section 12075, General Code, provides: "Common pleas and superior courts may enjoin the illegal levy or collection of taxes and assessments, and entertain actions to recover them back when collected, without regard to the amount thereof, but no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected."

The original act from which the section just quoted was taken was passed in 1856 (53 O. L., 178).

It was held in *Steese et al.* v. *Oviatt, Treas.*, 24 Ohio St., 248, 253, that the jurisdiction conferred upon the courts of common pleas by the act referred to "to restrain the collection of taxes illegally assessed, * * * is an equitable jurisdiction, and is to be exercised upon equitable principles."

The same proposition was reaffirmed in *Stephan, Treas.*, v. *Daniels et al.*, 27 Ohio St., 527, 536.

The statute referred to was examined by the supreme court of the United States in *Cummings*

Opinion *Per Curiam.*

v. *National Bank,* 101 U. S., 153, in which the court say, at page 157: "Here there can be no doubt that the remedy by injunction against an illegal tax, expressly granted by the statute, is to be enforced, and can only be appropriately enforced, on the equity side of the court."

The jurisdiction conferred by the statute to restrain the collection of illegally assessed taxes and assessments being an equitable jurisdiction, to be exercised by the chancellor upon equitable principles, it follows that courts of appeals have appellate jurisdiction in the trial of such cases.

The judgment will be reversed and the cause remanded to the court of appeals with instructions to overrule the motion to dismiss the appeal.

*Judgment reversed.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANA-MAKER, NEWMAN, JONES and MATTHIAS, JJ., concur.