Farr, J.
On the 10th day of August, 1915, H. E. Eggar and H. B. Pierce, partners doing business under the firm name of Eggar & Pierce, brought an action in the court of common pleas of this county against the defendants, H. C. Cor-win, Edward Foreman, W. E. Laughlin, Estella Laughlin, Lauer True & Company and The Eastern Ohio Railway Company, seeking to recover the sum of $611.34 from H. C. Corwin and Edward *314 Foreman, and to foreclose a mechanic’s lien against the property of the Laughlins, described in the petition. It is alleged in the petition that Cor-win and Foreman, as principal contractors, contracted with the Laughlins for the construction of a building upon said premises, and that plaintiffs, under contract with Corwin and Foreman, furnished material used in the construction of said building, for which payment was not made, and to secure which they perfected a materialman’s lien under the statute. Other parties were made defendants, who filed answers and cross-petitions, likewise claiming liens. W. E. Laughlin filed - an amended answer to the petition, containing a number of grounds of defense, to which a reply was filed; and so the issues were made up, trial had, judgment entered, appeal to this court and a motion filed to dismiss the appeal upon the ground that there is no right of appeal in such case. If the right exists, it is under favor of Section 6, Article IV of the Constitution of Ohio, as amended September 3, 1912, effective January 1, 1913, which reads in part as follows: “The courts of appeals shall have * * * appellate jurisdiction in the trial of chancery cases.” Therefore the issue here is whether or not an action to foreclose a lien is a “chancery case.”
A mechanic’s lien is purely a creature of statute (27 Cyc., 17, 317, 318, 321, and 2 Jones on Liens [3 ed.], Section 1184) and was unknown at common law or in equity; however the right thereto is favored by Section 33, Article II of the present Constitution of Ohio, which provides that laws may be passed to secure to mechanics, artisans, *315 laborers, subcontractors and materialmen, their just dues by direct lien upon the property, upon which they bestow, labor or for which they have furnished material, and that no other constitutional provision shall limit this, power. The foregoing has been amplified in Ohio by the present lien law for the benefit of contractors, subcontractors, laborers and materialmen, as found in 103 Ohio Laws, 369-379, and amended in 106 Ohio Laws, 522-534 (Sections 8310 to 8323-10, General Code).
It must be conceded that this right, though statutory, is based upon the equitable doctrine that one who contributes labor or furnishes material used in the construction of a building, and for which-payment is not made, may perfect and have a direct lien upon such building and the real property on which it is located, and the procedure to subject such property to the satisfaction of the claim is regulated by statute in most jurisdictions. (2 Jones on Liens [3 ed.], Section 1559.) It rests within the reasonable theory that the lien must obtain against the land as well as the building because the building enhances the value of the land.
The first mechanic’s, lien law was passed in Ohio January 1, 1823 (21 O. L., 8; 3 Chase, 2160), and was effective within the corporation of Cincinnati only. Section 3 of said act provides that every person or persons holding such lien might proceed to obtain a judgment thereon according to the course of legal proceedings in like cases; this original act provided that the judgment should be obtained by “legal proceedings in like- cases.” It doubtless was the legislative intent to make the procedure statutory, and likewise the remedy, but *316 the basic principle of the statute was, beyond all question, equitable in character, as indicated by Section 1, especially, and as well by other parts of the act. By subsequent legislation (February 5, 1833; 31 O. L., 88) the provisions of said law were extended to Hamilton county, and later amplified and made of general application (March 11, 1843; 41 O. L., 66; 1 S. & C, 833); nevertheless the equitable principle upon which the original act rested was not changed, although Section 8 provides as did Section 3 of the former law that judgment might be obtained for the amount due, according to the course of “legal proceedings in like cases.” However if any doubt existed as to the remedy, it was set at rest by the enactment of a remedial amendment to the foregoing, passed March 25, 1851 (49 O. L., 108; 1 S. & C, 837), entitled “Remedy of lien holder in chancery,” and reading in part as follows:
“(18) Sec. 1. Be it enacted by the General Assembly of the State of Ohio, That any person or persons, who now hold or shall hereafter hold a lien, under the above recited act, may, in addition to the remedy therein provided for, proceed by petition in chancery, as in other cases of liens, against the owner or owners of and all other persons interested, * * * in any such * * * house, mill, manufactory, or other building * * * * and the lot or lots of land on which the same shall stand, and obtain such final decree therein for the rent or sale thereof, as justice and equity may require.”
It is of more than passing interest to note that the language of Section 8323, General Code, which *317 is a part of the Ohio lien law now in force is almost verbatim with the above, excluding some matters later included to meet new conditions. It reads, in part, as follows:
“Sec. 8323. Any person holding a mechanic’s lien, in addition to the remedies herein provided for, may proceed by petition, as in other cases of liens, against the owner and all other persons interested * * * in any such * * * house, mill, manufactory, or other building * * * and the lot or land on which it stands * * * and obtain such judgment therein for the rent or sale thereof as justice and equity may require.”
It might be urged, however, that the foregoing omits “in chancery” after the word petition, and uses the word “judgment” instead of the words “final decree” near the conclusion. It was not necessary to continue the words “in chancery,” because by the adoption of a code of civil procedure by an act passed March 11, 1853, effective July 1, 1853 (51 O. L., 57), the distinction between actions at law and suits in equity, and the forms of all such actions and suits theretofore existing, were abolished in Ohio, and in their stead it was provided that there should be but one form of action to be called a civil action, which, it is provided in Section 55, must be commenced by filing a petition. That it was not the legislative intent to eliminate the chancery or equitable feature is clearly disclosed by the following part of said Section 8323:
“Any person holding a mechanic’s lien, in addition to the remedies herein provided for, may proceed by petition, as in other cases of liens.”
Therefore, “in addition to the remedies herein *318 provided” must be construed ' to mean that the statutory remedies are merely cumulative, and “may proceed as in other cases of liens,” only strengthens the contention that it was not the intent to alter the equitable character of the remedy; especially is this true in the light of the further provision that the lienholder may “obtain such judgment * * * as justice and equity may require.” Equitable relief can only be granted in a proceeding at least partially equitable in character. The word “judgment” is substituted in said Section 8323 for “final decree” in the former law; however, this, too, was. changed by the adoption of the Code, of which Section 370 (51 O. L., 118) provides that “a judgment is the final determination of the rights of the parties in an action.” Therefore “judgment” is the proper word, although there may be a permissive use of it interchangeably with “final decree.”
Obviously it was not the legislative intent, by the adoption of the Code of 1853, to deny the right to an action, legal or equitable, where it had formerly existed by statute and the mode of procedure prescribed, at least until the legislature should otherwise provide, and so it is indicated in Chapter VI of said Code, Section 605 (51 O. L., 161), which reads in part as follows:
“Where, by statute, a civil action, legal or equitable, is given, and the mode of proceeding therein is prescribed, this code shall not affect the proceedings under such s.tatute, until the legislature shall otherwise provide.”
The foregoing was a saving provision of said Code within the purview of which the former *319 mechanic’s lien law 41 S. & G, 837) comes easily, and so it is observed by Mr. Seney in his Ohio Code of Civil Procedure, at page 736, as follows:
“An action under the mechanics’ lien law, by a mechanic, to recover from the owner a sum due him for services rendered to a contractor, is one of the cases in which a right of recovery by action is given by a statute anterior to the Code, prescribing the form of the action, but not fixing the proceedings in the action given. Chapman v. Rannels, 2 Western Law Monthly, 142.”
The above case of Chapman v. Rannels was decided June 1859, after the adoption of the Code. No legislative change has ever been made in said former lien law (1 S. & G, 837) so far as its equitable character is concerned. Again, it is provided in said Section 8323 that a lienholder may proceed “as in other cases of liens.” A mortgage is a creature of statute, but creates and is a lien, and its foreclosure is purely equitable.
In harmony with the foregoing, it is observed in 2 Jones on Liens (3 ed.), Section 1559, that:
“Whether the proceedings to enforce a mechanic’s lien are legal or equitable depends, of course, upon- the terms of the statutes providing the remedy. The statutes of several states assimilate the proceedings to enforce such lien to the equitable action to foreclose a mortgage, and under such statutes the proceeding is essentially a suit in equity.”
The author might well include Ohio among said states, because the above provision, “as in other cases of liens,” clearly assimilates the proceeding to enforce a mechanic’s lien to the forclosure of a *320 mortgage, which is one of the “other liens” contemplated in said section. Bearing upon the issue under discussion here is the case of Wagner v. Armstrong et al., 93 Ohio St., 443, in which Nichols, C. J., in an able opinion discusses among other things “jurisdiction on appeal,” and at page 450 pertinently observes as follows:
“Appealable cases, therefore, must be such cases as are now recognized as equitable in their nature, and perhaps the better way to express it would be, cases that were recognized as equitable actions before the adoption of the code of civil procedure, for, while our code established under one grand division all actions, whether of an equitable or a legal nature, and called them civil actions, yet there was. no attempt to change the nature of the remedy.”
An action to foreclose a mechanic’s lien was recognized as equitable before the adoption of the Code, because it was specially provided (49 O. L., 108; 1 S. & C, 837) that a lienholder might proceed by petition in chancery. It is further urged that being of statutory origin it cannot at the same time be equitable in character; however, it is observed in 27 Cyc., at page 17, as follows:
“A mechanic’s lien is a species, of lien created by statute in most of the states, which exists in favor of persons who have performed work or furnished material in and for the erection of a building. It is not a general, but a particular, lien, and is in its nature peculiar and of an equitable character, and has been said to be somewhat analogous, in its aims to the equitable lien of a vendor for unpaid purchase-money of lands sold.”
*321 While statutory, its equitable character is recognized, and it is further observed at page 321 that under some statutes the remedy for enforcement has been prescribed as an ordinary action at law, and such remedy has been held to be exclusive of the jurisdiction of a court of equity, but such was not the law of this state prior to the adoption of the Code, for it was especially provided, as above stated, that the proceeding might be by petition in chancery; moreover the jurisdiction of courts, of equity has been remodeled in England by statute, and in most of the states of the United States, as well as in the federal courts, it depends upon special statutory enactments. 6 Am. & Eng. Ency. Law (1 ed.), 692.
In line with the foregoing is the above case of Wagner v. Armstrong, 93 Ohio St., 443, in which Nichols, C. J., observes, at page 450, as follows:
“The question yet remains, however, does the fact that there has been provided a statutory proceeding in partition operate to exclude partition from the category of chancery cases?
“The authorities on this subject are not all one way; but it can be ascertained by an independent examination of the authorities that the great weight favors the doctrine that the statutory remedy is cumulative and does not supersede the original jurisdiction in equity.”
The learned judge then cites in support of the foregoing, 1 Story’s Equity (13 ed.), paragraph 658, and Freeman on Cotenancy and Partition (2 ed.), 559, where it is stated in the latter:
“The remedy thus created by statute is, we think, generally, but not universally, considered as cumu *322 lative, and as in no way divesting courts of equity of their jurisdiction over the same subject matter.”
The chief justice also cites Wright v. Marsh, 2 G. Greene (Iowa), 104; Cram et al. v. Green et al., 6 Ohio, 429; 1 Pomeroy, Equity Jurisprudence, Section 62; Feuchter v. Keyl et al., 48 Ohio St., 357, and City of Zanesville v. Fannan, 53 Ohio St., 605.
Following, however, the observation of Nichols, C. J., in Wagner v. Armstrong, supra, at page 456, there will be no attempt here to categorically declare what constitutes a chancery case. However, there can be no question but that liens primarily originated in equitable principles, and so it is observed in 1 Pomeroy’s Equity Jurisprudence (3 ed.), at page 119, as follows:
“Secondly, those cases in which the relief is not a general pecuniary judgment, but is a decree of money to be obtained and paid out of some particular fund or funds. The equitable remedies of this specie are many in number and various in their external forms and incidents. They assume that the creditor has, either by operation of the law, or from contract, or from some acts or omissions of the debtor, a lien, charge, or incumbrance upon some fund or funds belonging to the latter, either land, chattels, things in action, or even money; and the form of the remedy requires that this lien or charge should be established, and then enforced, and the amount due obtained by a sale total or partial of the fund, or by a sequestration of its rents, profits and proceeds.”'
And at page 196 the author discusses equitable remedies and states, in part as follows:
*323 “These exclusive remedies may be granted in order to protect, maintain, or enforce primary rights, estates, or interests which are legal as well * * * as equitable.”
And, again, at page 199, it is said:
“It is one of the distinctive and central principles of the equity remedial system that it deals with property rights, * * * liens rather than with mere personal rights.”
And, again, at page 202, the same author observes :
“A fourth class embraces those remedies which establish and enforce liens and charges on property, rather than rights and interests in property, either by means of a judicial sale of the property itself which is affected by th'e lien and a distribution of its proceeds, or by means of a sequestration of the property, and an appropriation of its rent, * * * until they satisfy the claim secured by the lien.”
And as a sort of summary of the foregoing it is observed at Section 167 as. follows:
“In addition to the liens above mentioned, which belong to the general equitable jurisprudence, the legislation of many states has created or allowed other liens, which often come within the equity jurisdiction, in respect, at least, to their means of enforcement. The so-called ‘mechanics’ liens’ may be taken as the type and illustration of this class.”
In full accord with the foregoing is Gilchrist v. Helena, H. S. & S. Rd. Co., 58 Fed. Rep., 708, 710.
It is quite clear, therefore, that while a mechanic’s lien is regulated by statute in Ohio its equitable character is not thereby destroyed. A legislature *324 may at will create what might be termed “statutory proceedings,” some of which have properly been held not appealable, but a legislature carinot by such special or statutory proceeding destroy the right of appeal in a chancery case, and so it is indicated in the very recent case of Manning v. The Village of Lakewood et al., 94 Ohio St., 85. This was a proceeding brought in the court of common pleas of Cuyahoga county to enjoin the collection of certain special assessments alleged to have been levied by the village of Lakewood. Issue was joined, trial had, judgment entered, and an appeal taken to the court of appeals, where, on motion, the appeal was dismissed because not appealable under the present constitution of Ohio,. and for the reason that the remedy is statutory. The supreme court reversed the court of appeals, and among other things held:
“The jurisdiction conferred by the statute to restrain the collection of illegally assessed taxes and assessments being an equitable jurisdiction, to be exercised by the chancellor upon equitable principles, it follows that courts of appeals have appellate jurisdiction in the trial of such cases.”
A case quite similar to the instant case.
Still another, in full accord with the foregoing, is Wilson Improvement Co. v. Malone, 78 Ohio St., 232, 239.
Attention is called to Dunn & Witt v. Kanmacher & Stark, 26 Ohio St., 497, which was a proceeding under Section 5 of the former mechanics’ lien law (1 S. & C., 834), which provided that the remedy should be “an action of money had and received,” and which made an issue triable by jury *325 and is therefore not applicable in the instant case, especially because said statute is no longer in force. It is however interesting to note that prior to the amendment of the Constitution of Ohio in 1912 it was twice held in this jurisdiction, under favor of Section 5226, Revised Statutes, now Section 12224, General Code, that the right of appeal existed in an action to foreclose a mechanic’s lien.' It was so held November 26, 1906, in Jesionowski v. Wismiewski, 21 C. C., N. S., 413, and on May 17, 1909, in Thompson v. Rosenberg et al., 16 C. C., N. S., 341. These cases are interesting principally for the reason that they primarily recognize the equitable character of a proceeding to foreclose a lien, even where personal judgment is sought also,5 and yet in the case at bar no personal judgment is sought, nor could it in any event be sought by Eggar & Pierce against the Laughlins, but only the foreclosure of the lien, making the issue as against said Laughlins purely an equitable one, though regulated by statute. It would not be urged for a moment that a personal judgment could have been taken against the Laúghlins. It is contended, however, that the case of Hollowell v. Schraden et al., 26 C. C., N. S., 97, is decisive here. This case was decided July 14, 1916, and the syllabus reads as follows:
“An action to foreclose a mechanic’s lien is not cognizable in equity and therefore not appealable.”
This was by a divided court, and on the 27th day of June, 1917, was reversed by the supreme court of Ohio, without opinion, 96 Ohio St., 599, and since the only issue raised was the right of ap *326 peal in an action to foreclose a mechanic’s lien the reversal of the cause determines that right.
The conclusion, therefore, is irresistible, that, while in Ohio a mechanic’s lien is wholly a creature of statute, the remedy is not exclusively legal, but is equitable as well. In view of all the foregoing it follows that the motion to dismiss the appeal must be overruled, which is accordingly done.

Motion overruled.

Pollock and Metcalfe, JJ., concur.