Eggar v. Corwin et al.

## APPEAL—MECHANICS LIENS.

[Guernsey (7th) Court of Appeals, November 15, 1918.]

Pollock, Metcalfe and Farr, JJ.

H. E. EGGAR AND H. B. PIERCE v. H. C. CORWIN ET AL.

**Foreclosure of Mechanics Liens Appealable.**
An action to foreclose a mechanic's lien is equitable in character and is therefore appealable.
[Syllabus by the court.]

MOTION to dismiss appeal.

*Mr. Fred L. Rosemond,* for plaintiffs.
*Mr. Charles S. Sheppard,* for defendants.

**FARR, J.**

On August 10, 1915, H. E. Eggar and H. B. Pierce, partners doing business under the firm name of Eggar and Pierce, brought an action in the court of common pleas of this county, against the defendants, H. C. Corwin, Edward Foreman, W. E. Laughlin, Estella Laughlin, Lauer True & Co. and the Eastern Ohio Ry. seeking to recover the sum of $611.34 from H. C. Corwin and Edward Foreman and to foreclose a mechanic's lien against the property of the Laughlins as set out and described in the petition. It is alleged in said petition that Corwin and Foreman, as principal contractors, contracted with Laughlins for the construction of a building upon said premises, and that plaintiffs, under contract with Corwin and Foreman, furnished material used in and about the construction of said building for which payment was not made, and to secure which they perfected a material-man's lien under the statute; other parties were made defendants, who filed answers and cross-petitions likewise claiming liens. W. E. Laughlin filed an amended answer to said petition, containing a number of grounds of defense to which a reply was filed and so the issues were made up; trial had, judgment entered, appeal to this court and a motion filed to dismiss said appeal upon the ground that there is no right of appeal in such case. If the right exists, it is under favor of Art. 4, Sec. 6, of the

constitution of Ohio, as amended in 1912, effective January 1, 1913, which reads in part as follows: "The courts of appeals shall have  *  ·  *  *  appellate jurisdiction in the trial of chancery cases." Therefore the issue here is whether or not an action to foreclose a lien is a "chancery case."

A mechanic's lien is purely a creature of statute, (27 Cyc. 17, 317, 318, 321; Jones, Liens, Sec. 1184) and was unknown at common law or in equity; however the right thereto is favored by Art. 2, Sec. 33, of the present constitution, which provides that laws may be passed to secure to mechanics, artisans, laborers, subcontractors and material men their just dues by direct lien upon the property upon which they bestow-labor, or for which they furnish material; and that no other constitutional provisions shall limit this power. The foregoing is amplified in Ohio by the present lien law for the benefit of contractors, subcontractors, laborers and material men, as found in 103 O. L. 369-379, as amended 105-106 O. L. 522-534 (Secs. 8310 to 8323-10 G. C.) It must be conceded that this right, though statutory, is based upon the equitable doctrine that one who contributes labor or furnishes material used in the construction of a building, and for which payment is not made, may perfect and have a direct lien upon such building and real property on which it is located and the procedure to subject such property to the satisfaction of the claim is regulated by statute in most jurisdictions. Jones, Liens, Sec. 1559. The first mechanic's lien law was passed in Ohio January 1, 1823; (3 Chase, 2160) and was effective within the corporation of Cincinnati only; Sec. 3 of said act provides that every person or person holding such lien might proceed to obtain a judgment thereon according to the course of legal proceedings in like cases; this original act provided that the judgment should be obtained by "legal proceedings as in like cases." It doubtless was the legislative intent to make the procedure statutory and likewise the remedy but the basic principle of the statute was, beyond all question, equitable in character as indicated especially by Sec. 1, and as well by other parts of said act. By subsequent legislation February 5, 1833, the provisions of said law were extended to Hamilton county and later amplified and made of general application March 11, 1843; 41 O. L. 66; S. & C. 833, however the equitable

Eggar v. Corwin et al.

principle upon which the original act rested was not changed; although Sec. 8 provides as did Sec. 3 of the former law that judgment might be obtained for the amount due, according to the course of legal proceedings in like cases; however if any doubt existed as to the remedy it was set at rest by the enactment of a remedial amendment to the foregoing, March 25, 1851; 49 O. L. 108, S. & C. 837, entitled "Remedy of lien holder in chancery," and reads in part as follows:

"(18) Sec. 1. Be it enacted by the General Assembly of the State of Ohio, that any person or persons, who now hold or shall hereafter hold a lien, under the above recited act, may in addition to the remedy therein provided for, proceed by petition in chancery as in other cases of liens, against the owner or owners of and all other persons interested in * * * any such * * * house, mill, manufactory, or other building * * * and the lot or lots of land on which the same shall stand and obtain such final decree therein for the rent or sale thereof, as justice and equity may require. * * *

It is of more than passing interest to note that the language of Sec. 8323 G. C. which is a part of the Ohio lien law now in force on the same subject, is almost verbatim, excluding some matters later included to meet new conditions; it reads in part as follows:

"Sec. 8323. Any person holding a mechanic's lien, in addition to the remedies herein provided for, may proceed by petition as in other cases of liens, against the owner and all other persons interested * * * in any such house, mill, manufactory, or other building * * * and the lot of land on which it stands * * * and obtain such judgment therein for the rent or sale thereof as justice and equity may require." * * *

It might be urged, however, that the foregoing omits "in chancery" after the word petition and uses the word "judgment" instead of "final decree" near the conclusion. It was not necessary to continue the words "in chancery" because by the adoption of a code of civil procedure March 11, 1853, effective July 1, 1853, 51 O. L. 57, the distinction between actions at law and suits in equity and the forms of all such actions and suits theretofore existing were abolished in Ohio and in their

stead it was provided that there should be but one form of action to be called a civil action which it is provided in Sec. 55 must be commenced by filing a petition. That it was not legislative intent to eliminate the chancery or equitable feature, is clearly disclosed by the following part of said Sec. 8323.

"Any person holding a mechanic's lien, in addition to the remedies herein provided for may proceed by petition as in other cases of liens."

Therefore, "in addition to the remedies herein provided" must be construed to mean that the statutory remedies are merely cumulative, and "may proceed as in other cases of liens" only strengthens the contention that it was not the intent to alter the equitable character of the remedy; especially is this true in the light of the further provision that the lien holder may "obtain such judgment * * * as justice and equity may require." Equitable relief can only be granted in a proceeding at least partially equitable in character. The word "judgment" is substituted in said Sec. 8323 for "final decree" in the former law; however this too was changed by the adoption of the code, of which Sec. 370 (51 O. L. 118 )provides that "a judgment is the final determination of the rights of the parties in an action." Therefore "judgment" is the proper word, although there may be a permissive use of it interchangeably with " final decree."

Obviously it was not the legislative intent, by the adoption of the code of 1853, to deny the right to an action legal or equitable where it had formerly existed by statute and the mode of procedure prescribed, at least until the legislature should otherwise provide, and so it is indicated in Chap. 6 of said code, Sec. 605 (51 O. L. 161) which reads in part as follows:

"Where by statute, a civil action, legal or equitable, is given, and the mode of proceeding therein is prescribed, this code shall not affect the proceedings under such statute, until the legislature shall otherwise provide." * * *

The foregoing was a saving provision of said code within the purview of which the former mechanic's lien law (S. & C. 837), comes easily, and so it observed by Mr. Seney in his Ohio Code of Civil Procedure at page 736 as follows:

"An action under the mechanic's lien law, by a mechanic, to recover from the owner a sum due him for services rendered to

Eggar v. Corwin et al.

a contractor, is one of the cases in which a right of recovery by action is given by a statute anterior to the code, prescribing the form of the action, but not fixing the proceedings in the action given." *Chapman* v. *Rannels*, 2 Dec. Re. 245 (2 W. L. M. 142).

The above case of *Chapman* v. *Rannels* was decided June, 1859, after the adoption of the code. No legislative change has ever been made in said former lien law (S. & C. 857), so far as its equitable feature is concerned. Again it is provided in said Sec. 8323 that a lien holder may proceed "as in other cases of liens."

A mortgage is a creature of statute but creates and is a lien, and its foreclosure is purely equitable.

In harmony with the foregoing, 2 Jones, Liens, Sec. 1559, observes as follows:

"Whether the proceedings to enforce a mechanic's lien are legal or equitable "depends, of course, upon the terms of the statutes providing the remedy. The statutes of several states assimilate the proceedings to enforce such lien to the equitable action to foreclose a mortgage, and under such statutes the proceeding is essentially a proceeding in equity."

The author might well include Ohio among said states because the above provision "as in other cases of liens" clearly assimilates the proceeding to enforce a mechanic's lien to the foreclosure of a mortgage which is one of the "other liens" contemplated in said section. Bearing upon the issue under discussion here, is the case of *Wagner* v. *Armstrong*, 93 Ohio St. 443 [113 N. E. 397], in which Nichols, C. J., in an able opinion discusses among other things, "jurisdiction on appeal," and at page 450 pertinently observes as follows:

"Appealable cases, therefore, must be such cases as are now recognized as equitable in their nature; and perhaps the better way to express it would be, cases that were recognized as equitable actions before the adoption of the code of civil procedure, for, while our code established under one grand division all actions, whether of an equitable or a legal nature, and called them civil actions, yet there was no attempt to change the nature of the remedy."

There can be no dispute here but that an action to foreclose a mechanic's lien was recognized as equitable before the

adoption of the code, because it was specially provided (49 O. L. 108, S. & C. 837), that a lien holder might proceed by petition in *chancery*. It is further urged that being of statutory origin, it cannot at the same time be equitable in character; however, it is observed in 27 Cyc. at page 17, as follows:

"A mechanic's lien is a species of lien created by statute in most of the states, which exists in favor of persons who have performed work or furnished materials in and for the erection of a building. It is not a general, but a particular lien, and is in its nature peculiar and of an equitable character, and has been said to be somewhat analogous in its aims to the equitable lien of a vendor for unpaid purchase money of lands sold."

While statutory, its equitable character is recognized and it is further observed at page 321 that under some statutes the remedy for enforcement has been prescribed as an ordinary action at law, and such remedy has been held to be exclusive of the jurisdiction of a court of equity, but such was not the fact in the statute of this state prior to the adoption of the code for it was specially provided as above stated that the proceeding might be by petition in chancery; moreover the jurisdiction of courts of equity has been remodeled in England by statute and in most of the states of the United States, as well as in the federal courts, it depends upon special statutory enactments.

6 Am. & Eng. Ency. of Law (1st Ed.) 692.

In line with the foregoing is the above case of *Wagner* v. *Armstrong, supra*, in which Nichols, C. J., observes at page 450 as follows:

"The question yet remains, however, does the fact that there has been provided a statutory proceeding in partition operate to exclude partition from the category of chancery cases? The authorities on this subject are not all one way; but it can be ascertained by an independent examination of the authorities that the great weight favors the doctrine that the statutory remedy is cumulative and does not supersede the original jurisdiction in equity." The learned judge then cites in support of the foregoing, 1 Story's Equity, (13th Ed.) par. 658. Freeman on Cotenancy and Partition (2nd Ed.) 559, where it is stated in the latter:

"The remedy thus created by statute is, we think, generally,

but not universally, considered as cumulative, and as in no way divesting, courts of equity of their jurisdiction over the same subject matter.''

Also *Wright* v. *Marsh*, 2 G. Greene (Iowa) 104; *Cram* v. *Green*, 6 Ohio 429; 1 Pomeroy, Rem. & Rem. Rights, Sec. 62; *Feuchter* v. *Keyl*, 48 Ohio St. 357 [27 N. E. 860]; *Zanesville* v. *Fannan*, 53 Ohio St. 605 [42 N. E. 703; 53 Am. St. 664].

Following, however, the observation of Nichols, C. J., in *Wagner* v. *Armstrong*, *supra*, at page 456, there will be no attempt here to categorically declare what constitutes a chancery case. However, there can be no question but that liens primarily originated in equitable principles, and so it is observed in 1 Pomeroy, page 95, as follows:

''Secondly, those cases in which the relief is not a general pecuniary judgment, but is a decree of money to be obtained and paid out of some particular fund or funds. The equitable remedies of this specie are many in number and various in their external forms and incidents. They assume that the creditor has, either by operation of the law or by contract, or from some acts or omissions of the debtor, a lien, charge, or incumbrance upon some fund or funds belonging to the latter, either land, chattels, things in action, or even money; and the form of the remedy requires that this lien or charge should be established, and then enforced, and the amount due obtained by a sale total or partial of the fund, or by a sequestration of its rents, profits and proceeds.''

And at page 120 the author discusses equitable remedies and states in part as follows:

''These exclusive remedies may be granted in order to protect, maintain and enforce primary rights, estates or interests, which are legal as well  *  *  *  as equitable.''

And again at page 152 it is said:

''It is one of the distinctive and central principles of the equity remedial system that it deals with property rights,  *  *  * liens rather than with mere personal ''rights.''

And again at page 153 the same author observes:

''A fourth class embraces those remedies which establish and enforce liens and charges on property rather than rights and interests in property either by means of a judicial sale of

the property itself which is affected by the lien, and the distribution of its proceeds, or by means of a sequestration of the property and an appropriation of the rents * * * until they satisfy the claim secured by the lien.''

And as a summary of the foregoing it is observed at Sec. 167 as follows:

''In addition to the liens above-mentioned which belong to the general equitable jurisdiction, the legislation of many states has created or allowed other liens which often come within the equity jurisdiction in respect at least to their means of enforcement. The so-called mechanic's liens may be taken as the type and illustration of this class.''

In full accord with the foregoing is *Gilchrist* v. *Railway*, 58 Fed. 708, 710.

It is quite clear therefore that while a mechanic's lien is regulated by statute in Ohio, that its equitable character is not thereby destroyed. A legislature may, at will, create what might be termed ''statutory proceedings,'' some of which have properly been held not appealable, but a legislature cannot by such special or statutory proceeding destroy the right of appeal in a chancery case, and so it is indicated in the very recent case of *Manning* v. *Lakewood*, 94 Ohio St. 85 [113 N. E. 661]. This was a proceeding brought in the court of common pleas of Cuyahoga county to enjoin the collection of certain special assessments alleged to have been levied by the village of Lakewood. Issue was joined, trial had, judgment entered, and an appeal taken to the Court of Appeals where, on motion, the appeal was dismissed because not appealable under the present constitution of Ohio, and for the reason that the remedy is statutory. The Supreme Court reversed the Court of Appeals and among other things held that:

''The jurisdiction conferred by the statute to restrain the collection of illegally assessed taxes and assessments being an equitable jurisdiction, to be exercised by the chancellor upon equitable principles, it follows that courts of appeals have appellate jurisdiction in the trial of such cases.'' A case quite similar to the instant case. And still another in full accord with the foregoing, is *Willson Improvement Co.* v. *Malone*, 78 Ohio St. 232 [85 N. E. 51]. Attention is called to *Dunn* v. *Kanmacher*, 26 Ohio St. 497, which was a proceeding

### Eggar v. Corwin et al.

under Sec. 5 of the former mechanic's lien law, (S. & C. 834) which provided that the remedy should be "an action of money had and received" which made an issue triable by jury and is therefore not applicable in the instant case, and especially because said statute is no longer in force.   It is, however, interesting to note that prior to the amendment of the constitution of Ohio in A. D. 1912, it was twice held in this jurisdiction under favor of Sec. 5226 R. S., now Sec. 12224 G. C., that the right of appeal existed in an action to foreclose a mechanic's lien; it was so held November 26, 1906, in *Jesionowski* v. *Wismiewski,* 38 O. A. & C. 594 (21 N. S. 413), and May 17, 1909 in *Thompson* v. *Rosenberg,* 38 O. A. & C. 597 (16 N. S. 341).   These cases are interesting principally for the reason that they primarily recognize the equitable character of a proceeding to foreclose a lien even where personal judgment is sought also; and yet in the case at bar no personal judgment is sought, nor could it be in any event by Eggar & Pierce against the Laughlins, only the foreclosure of the lien, making the issue as against said Laughlins purely an equitable one, though regulated by statute. It would not be urged for a moment that a personal judgment could have been taken against the Laughlins.   It is contended however that the case of *Hollowell* v. *Schraden,* 38 O. A. & C. 598 (26 N. S. 97), is decisive here.   This case was decided July 14, 1916, and the syllabus reads as follows:

"An action to foreclose a mechanic's lien is not cognizable in equity and therefore not appealable."

This was by a divided court and on June 27, 1917, was reversed by the Supreme Court of Ohio without opinion, *Hollowell* v. *Schraden,* 96 Ohio St. 599, and since the only issue raised was the right of appeal in an action to foreclose a mechanic's lien, the reversal of the cause determines that right.

The conclusion, therefore, is irresistible that while in Ohio, a mechanic's lien is wholly a creature of statute, that the remedy is not exclusively legal but equitable as well.   In view of all the foregoing it follows that the motion to dismiss the appeal must be overruled, which is done accordingly.

**Pollock** and **Metcalfe, JJ.,** concur.