Jones, J.
 

 We are not concerned with the merits of the controversy. This record presents a single question for our review: Was the case instituted in the court of common pleas a chancery case, and therefore appealable to the Court of Appeals? Under Section 6, Article IV, of our Constitution, as amended in 1912, chancery cases only are appeal-able to the appellate court.
 

 In the early jurisprudence of this country, as stated in the text, 26 Ruling Case Law, p. 460:
 

 “It was originally the law in most if not all of the states of the union that under no circumstances would the collection of a tax be restrained by an injunction.”
 

 While later decisions have potentially modified that doctrine, it seems that Ohio adhered to it until the passage of the remedial act of 1856, which is now Section 12075, General Code.’ That section now reads:
 

 “Common pleas and superior courts may enjoin the illegal levy or collection of taxes and assessments, and entertain actions to recover them back when collected, without regard to the amount thereof, but no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected. ’ ’
 

 Until the enactment of that section, the prior decisions of this court denying the injunctive remedy are fully discussed in the opinion in
 
 *72
 

 Stephan, Treas.,
 
 v.
 
 Daniels,
 
 27 Ohio St., 532
 
 et seq.
 
 The taxpayer might have his legal remedy only if there was a want of power under a valid law to levy it.
 

 By the adoption of the quoted act, two remedies are given, (a) an equitable remedy by injunction, where it is only necessary to prove that the tax is illegal, ,and (b) a legal action to recover if the tax is void for any cause.
 

 Since the act of 1856, this court has decided that the jurisdiction conferred by the act to restrain the collection of illegal taxes is an equitable one “to be exercised upon equitable principles.”
 
 Steese
 
 v.
 
 Oviatt, Treas.,
 
 24 Ohio St., 248.
 

 An action by way of injunction' seeking to restrain the collection is an equitable case, cognizable in chancery and subject to appeal under the provisions of Section 6, Article IV, of our Constitution.
 
 Manning
 
 v.
 
 Village of Lakewood,
 
 94 Ohio St., 85, 113 N. E., 661.
 

 However, an action to recover back taxes illegally levied and paid is purely a legal action, created by statute, in which a complete remedy is available whether the law imposing the tax is valid or otherwise. In such an action a full and adequate remedy is conferred upon the taxpayer; resort to the chancery powers of a court is not necessary to enforce recovery. The action instituted was therefore not a chancery- case, and the Court of Appeals did not err in dismissing the appeal. Its judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.